**BURLINGTON NORTHERN RAILROAD COMPANY; Chicago and North Western Transportation Company; Dakota, Minnesota & Eastern Railroad Corporation; Duluth, Missabe & Iron Range Railway Company; Duluth, Winnipeg & Pacific Railway Company; Minnesota Commercial Railway Company; and Soo Line Railroad Company, Plaintiffs,**

v.

**Thomas J. TRIPLETT, Commissioner of Revenue of the State of Minnesota, Defendant.**

Civ. No. 3–87–561.

United States District Court,
D. Minnesota,
Third Division.

April 1, 1988.

Thomas W. Spence, St. Paul, Minn., and James W. McBride and Gregory G. Fletcher, Laughlin, Halle, Gibson & McBride, Memphis, Tenn., for plaintiffs.

Thomas M. O'Hern, Sp. Asst. Atty. Gen., St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

The plaintiffs, seven railroads, seek to enjoin the defendant, the Minnesota Commissioner of Revenue, from collecting fuel excise taxes under Minn.Stat. §§ 296.02, subd. 2a, and 296.025, subd. 2a.[1] Specifically, they argue that these Minnesota taxes are prohibited by Section 306(1)(d) of the Railroad Revitalization and Regulatory Reform Act of 1976, codified at 49 U.S.C. § 11503(b)(4). That statute bars a state from "[t]he imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part."[2] For the reasons stated below, the court will grant the railroads' motion.

---

1. Minn.Stat. § 296.02, subd. 2a, reads:

   There is imposed an excise tax, at the rate of 17 cents per gallon on gasoline used in producing and generating power for propelling trains in this state. The tax imposed by this subdivision shall be credited to the general fund. The tax shall be computed by using the ratio of revenue ton miles of passengers, mail, express, and freight carried by the railroad within this state to the total number of revenue ton miles carried by the railroad within and without this state, times the total number of gallons of gasoline used both within and without this state during the filing period. The tax is payable at the times, in the manner, and by the persons specified in sections 296.01 to 296.27.

   Minn.Stat. § 296.025, subd. 2a reads:

   There is imposed an excise tax of the same rate per gallon as the gasoline excise tax on special fuel used to propel trains in this state, and not otherwise taxed as gasoline. The tax shall be computed by using the same method as the gasoline excise tax and shall be payable at the times, in the manner, and by the persons specified in this chapter.

2. Section 306 was originally codified at 49 U.S.C. § 26c. It was recodified at 49 U.S.C. § 11503(b). Although changes were made, they were not meant to be substantive. Following the Eighth Circuit, the court has referred to the original language of Section 306. *See Ogilvie v.*

*State Board of Equalization of North Dakota,* 657 F.2d 204, 206 n. 1 (8th Cir.1981), *cert. denied* 454 U.S. 1086, 102 S.Ct. 644, 70 L.Ed.2d 621 (1981).

Section 306(1) reads (emphasis added):

(1) Notwithstanding the provisions of section 202(b), any action described in this subsection is declared to constitute an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:

(a) The assessment (but only to the extent of any portion based on excessive values as hereinafter described), for purposes of a property tax levied by any taxing district, of transportation property at a value which bears a higher ratio to the true market value of such transportation property than the ratio which the assessed value of all other commercial and industrial property in the same assessment jurisdiction bears to the true market value of all such other commercial and industrial property.

(b) The levy or collection of any tax on an assessment which is unlawful under subdivision (a).

(c) The levy or collection of any ad valorem property tax on transportation property at a

## Facts and Analysis

This case has been argued to the court on stipulated facts. Both parties have moved for summary judgment. Fed.R. Civ.P. 56(c). Accordingly, the court will offer only a brief summary of the case.

Prior to July 1, 1987, railroads in Minnesota were subject to a $.06 per gallon sales and use tax. Minn.Stat. § 297A.01, et seq. After July 1, 1987, the effective date of Minnesota's new Omnibus Tax Bill, railroads became subject instead to a $.17 per gallon excise tax. Minn.Stat. §§ 296.02, subd. 2a, and 296.025, subd. 2a. The railroads' annual bill for diesel fuel will increase by approximately $9.5 million if the new tax replaces the old. It is this prospect which has sparked this suit.

None of the federal cases treating Section 306(1)(d) deals with a fuel excise tax. *E.g., Kansas City Southern Railway v. McNamara,* 817 F.2d 368, 375 (5th Cir. 1987) (gross receipts tax); *Ogilvie v. State Board of Equalization of the State of North Dakota,* 492 F.Supp. 446 (D.N.D. 1980), *aff'd,* 657 F.2d 204 (8th Cir.1981), *cert. denied* 454 U.S. 1086, 102 S.Ct. 644, 70 L.Ed.2d 621 (1981) (property tax); *Alabama Great Southern Railroad Co. v. Eagerton,* 541 F.Supp. 1084 (M.D.Ala.1982) (license tax).

However, in *Atchison, Topeka & Santa Fe Co. v. Bair,* 338 N.W.2d 338 (Iowa 1983), *cert. denied* 465 U.S. 1071, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984), the Iowa Supreme Court had to consider a fuel excise tax which was comparable to Minnesota's. Not surprisingly, the Iowa Supreme Court had to consider legal arguments now being presented by the plaintiff railroads and the defendant Minnesota Commissioner of Revenue.

To determine whether the Iowa tax discriminated against railroads, the Iowa court first asked: "with what other taxpayers and taxes do we compare the railroad fuel tax." *Id.* at 346. The court declined to borrow the "all other commercial and industrial property" language of Sections

306(1)(a)(b) and (c) as its standard of comparison for Section 306(1)(d). The court noted that those sections refer to property taxes:

> This particular tax, however, is not on property. It is on the burning of propulsion fuel in part of the transportation industry, the railroads. For relevant comparisons we must thus look to taxpayers who employ propulsion fuel in transportation. This narrows the field of comparison, in the main, to three other transportation modes: trucks, barges and aircraft. Drawing on the analogy of property taxes, the present excise tax must be nondiscriminatory compared with fuel taxes on any of these other modes so as to avoid a competitive disadvantage.

*Id.* at 346.

The court then went on to compare Iowa's taxes on the railroads' competition. Turning first to the railroads' most important competitor, trucks, the court noted that the fuel tax paid by trucks was dedicated to highway improvement by the Iowa Constitution. *Id.* at 347.

In contrast, Iowa railroads not only paid a fuel tax, but also had to maintain their own roadbeds. Based on this disadvantage, the court found the Iowa fuel tax unlawfully discriminated against railroads:

> We thus have the railroads providing their own roads with the eight-cent fuel tax in addition, and the trucks paying the legislative approximation of their share of the highways without the additional eight-cent tax. This gives the trucks a distinct competitive advantage.

*Id.*

The court then went on to analyze barges and airplanes. It observed that both barges and airplanes paid lower tax rates than trains. This fact again prompted a court finding of discrimination. *Id.* at 347–48.

Looking at Minnesota, trucks and cars using Minnesota roads pay the same $.17

tax rate higher than the tax rate generally applicable to commercial and industrial property in the same assessment jurisdiction.

*(d) The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.*

fuel excise tax as trains. Minn.Stat. § 296.01 et seq. As in Iowa, Minnesota highway fuel taxes can only be spent on the improvement of Minnesota highways. Minn. Const. Art. XIV, § 10.

In contrast to Iowa, Minnesota barges are subjected to the same $.17 per gallon tax as trains, trucks or cars. Minn.Stat. §§ 296.02, subd. 2b, and 296.025, subd. 2b. However, a different situation exists with airplanes.

While Minnesota does impose an excise tax on aviation fuel, this tax is dedicated to aeronautical purposes. Minn.Stat. §§ 296.-02, subd. 2; 296.025, subd. 2; and 296.421. Also, the rate is only $.05 per gallon, subject to the refund provisions of Minn.Stat. § 296.18, subd. 4.

The Minnesota Commissioner argues that there is no discrimination in the Minnesota statute: "All diesel fuel used by commercial and industrial taxpayers (including the Railroads) for transportation purposes is subject to the same excise tax rate of 17 cents per gallon."

The court disagrees. The court accepts the rationale of the Iowa Supreme Court. While the fuel tax paid by trucks is dedicated to the trucks' roadbeds, the railroads must pay the fuel tax in addition to paying for their tracks. As the Iowa Supreme Court stated, this difference "gives the trucks a distinct competitive advantage."

Likewise, the court finds discrimination against the railroads in comparison to the relatively modest, dedicated tax paid by airplanes. With regard to barges, which do pay at the same rate as trains, the court notes that they do not have to maintain their right-of-ways.

In summary, the court has adopted the reasoning of the Iowa Supreme court. The court is persuaded that this Minnesota excise tax discriminates against railroads in violation of federal law. Before closing, the court would remark that this holding only treats the particular facts of this case. The court expresses no opinion on any other existing or proposed taxes.

Accordingly, IT IS ORDERED that:

1) The plaintiffs' motion for summary judgment is granted. The Minnesota Commissioner of Revenue is permanently enjoined from collecting fuel excise taxes from the plaintiffs under Minn. §§ 296.02, subd. 2a, and 296.025, subd. 2a.

2) The defendant's motion for summary judgment is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.